# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

Frederick C. Cashner, )
       Plaintiff, )
       )
v. )    Cause No. 3:14 cv 1641
       )    (To be supplied by the Court)
       )
John J. Widup, *et al.*, )
       Defendants. )

# PRISONER'S CIVIL RIGHTS COMPLAINT
# 42 U.S.C. § 1983

## I. PARTIES

A. Plaintiff's Information:

   1. Plaintiff's name is Frederick C. Cashner Jr., and his IDOC number is 231127.

   2. Plaintiff is currently being held at the Indiana State Reformatory.

   3. Plaintiff's address is 4490 W. Reformatory Rd., Pendleton, IN 46064.

   4. The events giving rise to Plaintiff's suit took place at the Porter County Jail.

   5. These events took place while Plaintiff was awaiting trial.

B. Defendant's Information:

| Defendant's name | Job Title/Agency | Work Address |
|---|---|---|
| 1. John J. Widup | Warden, Porter County Jail | 2755 S.R. 49, Valparaiso, IN 46383 |
| 2. David E. Lain | Sheriff, Porter County | 2755 S.R. 49, Valparaiso, IN 46383 |
| 3. Ronald Gaydos | Asst. Warden, Porter Co. Jail | 2755 S.R. 49, Valparaiso, IN 46383 |
| 4. Dr. Nadir Al-Shami | Doctor, Porter County Jail | 2755 S.R. 49, Valparaiso, IN 46383 |
| 5. Kimberly White | Head Nurse, Porter Co. Jail | 2755 S.R. 49, Valparaiso, IN 46383 |
| 6. Advanced Correctional Healthcare | | 3922 W. Baring Trace, Peoria, IL 61615 |

1

## II. GRIEVANCE PROCEDURES

1. There was a grievance procedure that allowed Plaintiff to file grievances as they related to the events giving rise to his claims.

2. And, Plaintiff did in fact exhaust all available administrative remedies regarding the events or acts complained of in this Complaint.

## III. CAUSE(S) OF ACTION WITH SUPPORTING FACTS

FACTS:

From March 25, 2011, through February 25, 2013, I was incarcerated in Porter County Jail as a pretrial detainee. While there, I suffered from chronic headaches and was prescribed medications by at least three of the doctors employed by the jail.

On May 14, 2012, however, during a meeting with Head Nurse Kim White, Porter County Jail Officer Vanzyoc and myself, Dr. Hamstrung announced that he had done all that he could do to control my headaches and stated that it was his recommendation that I see a specialist. At that time I told Nurse White that if money was an issue in seeing the specialist, I had health insurance that would cover the costs. However, she advised that money was not a factor.

Dr. Hamstrung then issued instructions that an appointment was to be made for me to see a neurologist. Nurse White then made an appointment with Dr.Vyas for June 28, 2012. However, on June 28, 2012, I was not transported to that appointment.

On July 2, 2012, another appointment was made for me to see the Neurologist. And, on August 30, 2012, I was in fact transported to the office of Dr. Vyas, at which time she prescribed Ultram and Flexeril for pain; ordered blood work and an MRI; and, issued instruction that said testing was to be scheduled and completed by the jail medical staff prior to the follow-up

2

appointment she scheduled for September 13, 2012.

On September 4, 2012, officer Vanzyoc escorted me to the medical ward at the jail where nurse Kim White came in and drew blood from me for the testing as instructed by Dr. Vyas. When she was done, Dr. Al-Shami came over and grabbed my chart off of the desk and started ranting, and stated that he had traveled the world treating patients and he was a better doctor than any neurologist, and he wasn't going to let any other doctor tell him how to treat a patient of his.

Dr. Al-Shami then stated that I would not be going back to see Dr Vyas, and thereafter canceled all of my prescriptions; all of the ordered testing; as well as my follow-up appointment with Dr. Vyas.

Dr. Al-Shami then stated that my headaches were all in my head, and that if I were still in pain I should order Tylenol from commissary. He then stated that he would no longer treat me for my chronic headaches. Dr. Al-Shami then stated that an MRI was a very expensive procedure and that it was too expensive for me to have at the jail's expense.

Thereafter, I was called into Warden Widup's office where he advised that he had received a call from my father complaining of my treatment. Warden Widup then asked me about my headaches and suggested that maybe my problem was that I had not been taking my prescribed blood pressure medications. I then assured him that I had always taken my medications, and that not one of his officers had ever documented or suggested otherwise.

Warden Widup then repeated Dr. Al-Shami's statement that an MRI was too expensive for the jail to pay for, to which I responded by reminding him that I had medical insurance that would cover the costs of the ordered testing. He then responded by questioning how I could still have medical insurance after being in jail for over a year, and advised that he would have to confirm this fact with Head Nurse White.

3

On October 11, 2012, I filed with the Porter Superior Court, (the court wherein my criminal case was pending), a Motion wherein I requested an Order to compel Porter County Jail authorities to, among other things, act in accordance with Dr. Vyas' instructions for testing and a follow-up appointment, and on October 29, 2012, the same was granted.

However, instead of making a "follow-up appointment" as ordered by the court, Nurse White made another "initial appointment," which resulted in the scheduling of an appointment for December 6, 2012.

This in turn caused me to return to Dr. Vyas for another "initial visit" instead of a follow-up visit, thereby extending my pain and suffering by an additional one-hundred and sixty (160) days, and resulted only in the reordering of the same testing and prescriptions as those which had been cancelled by Dr. Al-Shami on September 4, 2012.

On December 6, 2012, Dr. Vyas again issued prescriptions for Ultram, Flexeril, blood work and an MRI. She also reissued her instructions that said testing was to be completed before the second follow-up appointment of February 22, 2013. However, said testing was never done and the appointment of February 22, 2013, was also canceled.

Thereafter, on January 3, 2013, I was convicted via a plea agreement, and on February 25, 2013, was transferred to the custody of the I. D.O.C., where I have yet to obtain relief from my chronic headaches.

CLAIM #1:

Nurse Kimberly White acted with deliberate indifferent to my serious medical needs by failing to arrange for me to be transported to my June 28, and September 13, 2012, appointments with Dr. Vyas, thus violating my rights to Due Process of Law and my Eighth Amendment privileges against cruel and unusual punishment.

4

CLAIM #2:

      Assistant Warden Ronald Gaydos acted with deliberate indifferent to my serious medical needs by failing to schedule a transportation officer for my June 28, and September 13, 2012, appointments with Dr. Vyas, thus violating my rights to Due Process of Law and my Eighth Amendment privileges against cruel and unusual punishment.

CLAIM #3:

      Warden John Widup acted with deliberate indifferent to my serious medical needs by failing to cause me to be transported to my June 28, and September 13, 2012, appointments with Dr. Vyas, thus violating my rights to Due Process of Law and my Eighth Amendment privileges against cruel and unusual punishment.

CLAIM #4:

      Warden John Widup acted with deliberate indifferent to my serious medical needs by cancelling the treatment and procedures ordered by Dr. Hamstrung due to monetary concerns, thus violating my rights to Due Process of Law and my Eighth Amendment privileges against cruel and unusual punishment.

CLAIM #5:

      Sheriff David Lain, with knowledge and approval of his subordinate's conduct, (*i.e.* the above-stated defendant's cancelling of the treatment and procedures ordered by Dr. Hamstrung due to monetary concerns), acted with deliberate indifferent to my serious medical needs, thus violating my rights to Due Process of Law and my Eighth Amendment privileges against cruel and unusual punishment.

CLAIM #6:

      Dr. Nadir Al-Shami acted with deliberate indifferent to my serious medical needs by

cancelling the treatment and procedures ordered by Dr. Hamstrung due to monetary concerns, thus violating my rights to Due Process of Law and my Eighth Amendment privileges against cruel and unusual punishment.

CLAIM #7:

Dr. Nadir Al-Shami, Sheriff David Lain, Warden John Widup, Assistant Warden Ronald Gaydos, and Head Nurse Kimberly White acted with deliberate indifferent to my serious medical needs by conspiring with one another to refuse and/or delay medical treatment until such time as I could be transferred into the custody of the IDOC and become their problem, thus violating my rights to Due Process of Law and my Eighth Amendment privileges against cruel and unusual punishment.

CLAIM #8:

Dr. Nadir Al-Shami and Head Nurse Kimberly White engaged in medical malpractice by refusing and/or delaying medical treatment, and by conspiring with one another and others to refuse and/or delay medical treatment until such time as I could be transferred into the custody of the IDOC and become their problem, in violation of the Indiana Medical Malpractice Act.

CLAIM #9:

Advanced Correctional Healthcare acted with deliberate indifferent to my serious medical needs by creating and employing a policy to refuse and/or delay treatment to save money, thus violating my rights to Due Process of Law and my Eighth Amendment privilege against cruel and unusual punishment.

## IV. PREVIOUS LAWSUITS

1. Prior to this suit, I have filed no other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of my imprisonment.

6

## V. RELIEF

I hereby request the following relief:

1. Award compensatory damages jointly and/or severally against all of the defendants for their having violated my constitutionally protected rights.

2. Award punitive damages for the intentional and conspiratorial conduct of all of the defendants.

3. Award damages for medical malpractice.

4. Grant any and/or all other just and proper relief to which I may be entitled.

5. Plaintiff hereby demands a trial by jury.

Respectfully submitted,

*/s/ Frederick C. Cashner*
Frederick C. Cashner #231127

## VI. VERIFICATION AND SIGNATURE

1. I have included two (2) properly completed summons forms for each defendant I am suing, including full name, job title and work address.

2. I have included one (1) properly completed process receipt and return form for each defendant I am suing.

3. In addition to this Complaint with an original signature, I have included one copy of this Complaint for each defendant and one extra for the court.

4. I have included full payment of the filing fee or attached a properly completed prisoner petition to proceed *in forma pauperis* with a copy of my prison trust account statement for the six months preceding the filing of this case.

5. I agree to promptly notify the clerk of any change of address.

6. I have read all the statements in this Complaint.

7. I declare under penalty of perjury that the forgoing is true and correct.

Executed at the Indiana State Reformatory on this 18TH day of JUNE, 2014.

*Frederick C. Cashner #231127*